UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMIE LEE JONES,

    Plaintiff,

v.

CENTIER BANK, JUDGE TIMOTHY P. CONNORS, JARRETT E. LEVINE, DANIEL LANDMAN, and SWISTAK LEVINE,

    Defendants.
_____/

Case No. 24-12571
Hon. Denise Page Hood

## ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER [ECF NO. 2]

### I.    INTRODUCTION

Before the Court is Plaintiff Tommie Lee Jones' Motion for Temporary Restraining Order. [ECF No. 2]. Plaintiff's Complaint alleges that his Fourteenth Amendment due process and property rights were violated by Defendant Judge Timothy P. Connors and other state actors[1] when Judge Connors granted summary disposition in favor of Centier Bank in the underlying debt collection action in Washtenaw County Circuit Court. *Id.* at PageID.8. Plaintiff argues that Judge Connors allowed the case against him to proceed "without proper evidence,

---

[1] The named Defendants include Centier Bank, Judge Timothy P. Connors of the Washtenaw County Circuit Court, Jarret E. Levine, Daniel Landman, and Swistak Levine.

including proof of standing and authenticity of documents." *Id*. at PageID.9. Plaintiff argues that the Spending Clause, Article 1, Section 8, Clause 1 of the United States Constitution allocates federal funds to states under the condition that they do not use those funds to engage in unconstitutional actions. *Id*. Plaintiff seeks "an immediate halt to federal funding to the **State of Michigan**[2] until his 42 U.S.C. § 1983 claim is resolved." *Id*.

## II.     ANALYSIS

Federal Rule of Civil Procedure 65(b) governs temporary restraining orders. It provides in whole:

> **Rule 65(b) Temporary Restraining Order.**
>
> **(1)**     ***Issuing Without Notice***.     The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
>> (A)     specific facts shown by affidavit or by a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>>
>> (B)     the movant's attorney certifies to the court in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

---

[2] The Court notes that the State of Michigan is not a party to this matter.

Rule 65(b) is clear that the possibly drastic consequences of a restraining order mandate careful consideration by a trial court faced with such a request. 1966 Advisory Committee Note to 65(b).  Before a court may issue a temporary restraining order, it should be assured that the movant has produced compelling evidence of irreparable and imminent injury and that the movant has exhausted reasonable efforts to give the adverse party notice. *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Boddie v. Connecticut*, 401 U.S. 371 (1971); *Sniadach v. Family Finance Corp.*, 339 U.S. 337 91969); 11 Wright & Miller, Federal Practice and Procedure § 2951, at 504-06 (1973). Other factors such as the likelihood of success on the merits, the harm to the non-moving party and the public interest should also be considered. See *Dow Corning Corp. v. Chaganti*, No. 15-CV-13781, 2015 WL 6735335, at *5 (E.D. Mich. Nov. 4, 2015).

Plaintiff is proceeding *pro se* and his pleadings must be liberally construed. *Spotts v. United States*, 429 F. 3d 248, 250 (6th Cir. 2005). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "The drafting of a formal pleading presupposes some degree of legal training or, at least, familiarity with applicable legal principles, and *pro se* litigants should not be precluded from resorting to the courts merely for want of sophistication." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Plaintiff has failed to demonstrate irreparable injury. "Irreparable injury based on financial loss alone will only be found where the potential economic loss is so great as to threaten the existence of the movant's business or 'financial ruin' will result." *SEIU Health Care Michigan v. Snyder*, 875 F. Supp. 2d 710, 723 (E.D. Mich. 2012). Plaintiff alleges that he "will suffer **immediate** an **irreparable harm** if federal funds continue to flow to the **State of Michigan**, supporting the enforcement of unconstitutional actions against Plaintiff. This includes the potential seizure of property, loss of financial security, and emotional distress resulting from the unlawful summary disposition." [ECF No. 2, PageID.10]. Plaintiff seeks monetary damages for the Defendants' alleged violations of his constitutional rights. Yet, Plaintiff has not provided any documentation supporting his entitlement to such damages. Plaintiff's bare assertions that he is entitled to monetary relief are not enough to support granting such an extraordinary remedy.

Plaintiff has further failed to show why he is unable to utilize an appeal of the Washtenaw court's order to remedy his alleged harms. Plaintiff's allegations cite several issues with the procedure and outcome of the case against him in Washtenaw County including, the court's jurisdiction, whether Centier Bank had standing to bring its claims, the sufficiency of evidence, and whether Plaintiff should have received notice of an attorney withdrawal and replacement. Michigan Court Rule 7.103 vests the Michigan Court of Appeals with jurisdiction of "an

appeal of right filed by an aggrieved party from the following: (1) a final judgment or final order of a district municipal court[.]" Mich. Ct. R. 7.103. There is no reason why Plaintiff's claims cannot be relieved by an appeal of Judge Connors' order to the Michigan Court of Appeals.

With respect to notice, Plaintiff has failed to certify any efforts to provide Defendant notice of its request for ex parte relief. "[T]he Rule 65(b) restrictions on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Dow Corning Corp.*, 2015 WL 6735335, at *5 quoting *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). District courts are generally justified in proceeding ex parte in cases where notice is impossible, the opposing party is unable to be found, or where notice would render fruitless further prosecution. *Id*. Here, there is no showing that notice is impossible, that the opposing parties are unable to be found or that notice would render fruitless prosecution. Therefore, Plaintiff has not satisfied the notice requirement in Rule 65(b).

### III. CONCLUSION/ORDER

In light of the foregoing,

5

IT IS SO ORDERED that Plaintiff's Motion for Temporary Restraining Order [ECF No. 2] is DENIED.

SO ORDERED.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: October 8, 2024