UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMIE LEE JONES and
Robin Green, Trustee, Nassah.
O Credit Trust,
Plaintiffs,

    Plaintiff,

v.

CENTIER BANK, JUDGE TIMOTHY
P. CONNORS, JARRETT E. LEVINE,
DANIEL LANDMAN, and SWISTAK
LEVINE,

    Defendants.
_____/

Case No. 24-12571
Hon. Denise Page Hood

## ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER [ECF NO. 15] AND DISMISSING CASE WITHOUT PREJUDICE

**I.    INTRODUCTION**

Before the Court is Plaintiffs', Tommie Lee Jones and Robin Green, Trustee of the Nassah. O Credit Trust, Second Motion for Temporary Restraining Order. [ECF No. 15]. For the reasons stated herein, Plaintiffs' motion is DENIED.

**II.    BACKGROUND**

Tommie Lee Jones filed this suit against Defendants on September 30, 2024. [ECF No. 1]. This suit arises out of a claim and delivery action brought by Defendant Centier Bank against Jones in the Washtenaw County Circuit Court

where Centier Bank sought to enforce a debt and take possession of Jones' property. [ECF No. 1, PageID.2]. Jones' Complaint alleges that summary disposition was erroneously granted in favor of Centier Bank and against Jones by presiding Judge and Defendant, Timothy P. Connors.[1] *Id*.

Jones also filed a motion for temporary restraining order [ECF No. 2] along with his Complaint. The motion sought "immediate judicial intervention to prevent ongoing and irreparable harm to Plaintiff and other state citizens, stemming from the continued deprivation of constitutional rights by state officials acting under color of law." *Id*. at PageID.8. Jones' motion alleged that Defendants "violated his due process rights by allowing the [state] case to proceed without proper evidence[.]" *Id*. at PageID.9. Jones asked that the Court immediately halt federal funding to the State of Michigan until his claim was resolved. *Id*. This Court denied Jones' motion on October 8, 2024, because the Court lacks jurisdiction pursuant to Mich. Ct. R. 7.103 and Jones failed to satisfy the notice requirements of Fed. R. Civ. P. 65(b). [ECF No. 8].

Following the Court's Order, Plaintiff failed to serve Defendants with the summonses within 90 days as required by Federal Rule of Civil Procedure 4(m) and the Court issued an Order to show cause as to why this case should not be dismissed for failure to prosecute. [ECF No. 12]. Prior to the Court's show cause

---

[1] The remaining Defendants are attorneys for Centier Bank in the underlying claim and delivery action, Jarrett E. Levine, Daniel Landman, and Swistak Levine.

2

Order, Plaintiff requested reissuance of the summonses [ECF No. 9] and Plaintiff's request was obliged by the Clerk's Office on February 12, 2025. [ECF Nos. 10 and 11].

While this action was pending, Jones engaged the Bankruptcy Court in this District. *In re Jones*, 24-49381 (Bankr. E.D. Mich. 2024). Bankruptcy Judge Mark A. Randon resolved Jones' bankruptcy matter, and no appeal has been filed.

On April 14, 2025, Plaintiff filed an Amended Complaint and a second motion for temporary restraining order. [ECF Nos. 14 and 15]. Plaintiff's Amended Complaint "add[s] necessary party in interest, Nassah. O Credit Trust as a co-Plaintiff and real party in interest with perfected equitable title to the subject property." See [ECF No. 14, PageID.52]. The Amended Complaint alleges that the Nassah. O Credit Trust is the "equitable, beneficial, and secured legal titleholder of a 2003 Dutch Mobile Home, Vin: DHIN40885G" which is the subject property at issue in this matter and an underlying state action wherein Defendant Centier Bank seeks to enforce a judgment to repossess the property. *Id*. at PageID.53. The Amended Complaint further alleges that Centier Bank has engaged in "unlawful interference with a secured interest under MCL § 440.9501 et seq." by seeking to repossess the Trust's property in state court. *Id*. Plaintiffs seek declaratory, injunctive, and monetary relief. *Id*. at PageID.54.

Plaintiffs have also filed a second motion for temporary restraining order

3

which seeks to "halt the enforcement of a state court judgment related to a debt lawfully discharged in bankruptcy and to protect private trust property from unlawful seizure." [ECF No. 15, PageID.55]. Plaintiffs' motion argues that Defendants "have asserted a claim and delivery judgment without verified standing, lawful contract, or chain of title assignment, in direct violation of equity, contract law, and due process." *Id*. at PageID.56. Like Plaintiffs' first motion for temporary restraining order, these grievances stem from the state court's entry of an order allowing Defendants to enforce a judgment against Plaintiff Tommie Lee Jones. [ECF No. 18, PageID.72]. The Judgment entered by the 22nd Circuit Court authorizes Centier Bank to immediately seize the property, without the necessity of a bond, remove the personal possessions from the property, and sell the property. *Id*. According to Plaintiffs, seizure is imminent without a court order.

### III.   LAW AND ANALYSIS

Federal Rule of Civil Procedure 65(b) governs temporary restraining orders. It provides in whole:

> **Rule 65(b) Temporary Restraining Order.**
>
> **(1)   *Issuing Without Notice*.**   The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A)   specific facts shown by affidavit or by a verified complaint clearly show that immediate and irreparable

> injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies to the court in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

Rule 65(b) is clear that the possibly drastic consequences of a restraining order mandate careful consideration by a trial court faced with such a request. 1966 Advisory Committee Note to 65(b). Before a court may issue a temporary restraining order, it should be assured that the movant has produced compelling evidence of irreparable and imminent injury and that the movant has exhausted reasonable efforts to give the adverse party notice. *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Boddie v. Connecticut*, 401 U.S. 371 (1971); *Sniadach v. Family Finance Corp.*, 339 U.S. 337 91969); 11 Wright & Miller, Federal Practice and Procedure § 2951, at 504-06 (1973). Other factors such as the likelihood of success on the merits, the harm to the non-moving party and the public interest should also be considered. See *Dow Corning Corp. v. Chaganti*, No. 15-CV-13781, 2015 WL 6735335, at *5 (E.D. Mich. Nov. 4, 2015).

### A. Notice

The Court will first address the notice requirement. To date, Plaintiffs have not filed proofs of service for any Defendant for any document filed. On October 8, 2024, this Court denied Plaintiff's first motion for a temporary restraining order,

5

reasoning in part that Plaintiff "failed to certify any efforts to provide Defendants notice of its request for ex parte relief" as required by FRCP 65(b). [ECF No. 8, PageID.34]. The same is true, here. Again, Plaintiffs have failed to show any attempt to serve any documents (the Amended Complaint or the Motion for Temporary Restraining Order) upon any Defendants. The notice requirement is necessary to ensure due process to all parties. See *Dow Corning Corp.*, 2015 WL 6735335, at *5 quoting *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). Plaintiffs' motion for temporary restraining order fails on this basis alone.

### B. Failure to retain counsel

Plaintiffs' motion also fails because Plaintiffs argue that the subject property is now held in a private trust.[2] [ECF No. 15, PageID.57]. Plaintiffs have provided documentation showing that on April 5, 2025, Jones executed a post-judgment transfer of interest in the property to the Nassah. O Credit Trust. [ECF No. 18, PageID.70-71]. The record reflects that Jones and Green, Trustee of the Nassah. O Credit Trust, are both proceeding *pro se*. Although an individual party may proceed *pro se* on his or her own claim, only licensed attorneys may represent corporations in federal court. 28 U.S.C. § 1654; *United States v. 9.19 Acres of*

---

[2] This transfer raises a question as to whether Plaintiff engaged in fraudulent concealment of the subject property by intending to defraud, hinder, or delay Centier Bank's rightful repossession of the property pursuant to Mich. Comp. Laws § 566.34(1)(a).

6

*Land, More or Less, in Marquette County, Michigan*, 416 F.2d 1244, 1245 (6th Cir. 1969). A corporate president, officer, agent or shareholder may not represent a corporation before a federal court. *9.19 Acres of Land*, 416 F.2d at 1245; *Nat'l Labor Relations Board v. Consol. Food Servs., Inc.*, 81 F. App'x 13 n. 1 (6th Cir. 2003) (citations omitted).

The rule applies to all other artificial entities, such as partnerships, unincorporated associations and trusts. See *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Dimercurio v. Comm'r of Internal Revenue*, Case No. 08-1378, 2008 WL 5784519 (6th Cir. June 16, 2008). If no attorney files an appearance on behalf of a plaintiff entity, the complaint may be dismissed without prejudice. *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 62 (2d Cir. 1990). A defendant corporation's failure to retain new counsel is a valid basis for a court to enter a default and thereafter a default judgment against the defendant corporation. *Youngsoft, Inc. v. Skylife Company, Inc.*, Case No. 20-12800, 2021 WL 5411958, *2 (E.D. Mich. Oct. 12, 2021).

There is no indication that either Jones or Green are licensed attorneys. Therefore, any representation that they are proceeding on behalf of the Trust or bringing this motion to protect the Trust's interest is inappropriate and in violation of Federal Law. Therefore, Plaintiffs' motion is not only dismissed on this ground, but their case is DISMISSED WITHOUT PREJUDICE.

## C. This Court lacks subject matter jurisdiction

If Plaintiff is seeking review of the State Court's judgment mentioned in her Complaint, the Court declines to review any orders or judgments entered by the State Court. A United States District Court has no authority to review final judgments of a state court judicial proceedings. Review of such judgments may be had in the United States Supreme Court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). To the extent that a District Court is requested to review a State Court's order, the District Court lacks subject-matter jurisdiction over those complaints. Lower federal courts possess no power whatever to sit in direct review of state court decisions. If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's complaint, then the district court is in essence being called upon to review the state-court decision, which the district court may not do. *Id*. at 483.

The Court recognizes that property loss constitutes irreparable injury under Rule 65(b), however as Plaintiffs state, there is a state court judgment and a bankruptcy discharge which means Centier Bank is free to proceed with repossession. [ECF No. 38, In re Jones, 24-49381 (Bankr. E.D. Mich. 2024)]. The issues presented here have been resolved by the Bankruptcy Court and no appeal was filed. This Court lacks jurisdiction to review an order by the bankruptcy court

absent appeal.

## IV. CONCLUSION/ORDER

In light of the foregoing,

IT IS SO ORDERED that Plaintiffs' Motion for Temporary Restraining Order [ECF No. 15] is DENIED;

IT IS FURTHER ORDERED that this matter is DISMISSED WITHOUT PREJUDICE against all Defendants pursuant to 28 U.S.C. § 1654;

IT IS FURTHER ORDERED that this Order closes the case.

SO ORDERED.

/s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: May 5, 2025

I hereby certify that a copy of the foregoing document was served upon counsel of record or party on May 5, 2025, by electronic and/or ordinary mail.

s/Tara Villereal
Tara Villereal
Case Manager